Nancy Malcom *vs.* Elijah K. Spoor.

An officer who enters a house by authority of law, and attaches goods therein, becomes a trespasser *ab initio* by placing there an unfit person, as keeper of the goods, against the remonstrance of the owner of the house.

Shaw, C. J.   This was an action of trespass, in which the plaintiff declared against the defendant for breaking and entering her house, &c.   The defendant justified under a writ directed to him, as constable, and commanding him to attach the plaintiff's household furniture.

The case comes before us on exceptions, from which it

appears that the defendant was a constable, and that he entered the plaintiff's house, having a writ against her, and attached her furniture; that he took with him into the house a man who was intoxicated, whom he made keeper of the attached furniture, and left in the house, in charge of the furniture, although the plaintiff objected to his remaining there as keeper, on account of his intoxication.

The exceptions also set forth the violent conduct of the keeper; and other matters, which are not material to the decisions of the question that is brought before us.

The court of common pleas, in which the trial was had, instructed the jury, that if the defendant, under color of his process, took with him a grossly intoxicated and clearly unfit person into the plaintiff's house, and left him therein as keeper, this was such an abuse of his authority as made him a trespasser *ab initio;* and that the defendant was answerable for all the acts of such keeper, done in pursuance of previous concert between them, or by direction of the defendant. A verdict was returned for the plaintiff, and the question whether these instructions were right, has been submitted to us without argument.

It has been held as a rule of the common law, ever since the *Six Carpenters' case*, 8 Co. 146, that where one is acting under an authority conferred by law, an abuse of his authority renders him a trespasser *ab initio*. *Melville* v. *Brown*, 15 Mass. 82. In the case before us, the defendant had authority by law to enter the plaintiff's house, to serve legal process; but placing there an unfit and unsuitable person, to keep possession of the attached goods, in his behalf, until he could remove them, against the remonstrance of the plaintiff, was an abuse of his authority, which rendered him liable as a trespasser *ab initio*.

An officer cannot legally stay in another's building, to keep attached goods therein, nor authorize any other person to remain therein, as keeper, for a longer time than is reasonably necessary to enable him to remove the goods, unless he has the consent, express or implied, of the owner of the building;

without rendering himself liable as a trespasser. See *Row-ley* v. *Rice*, 11 Met. 337.

*Exceptions overruled.*